■ ALEJANDRO MUNOZ, Plaintiff, v. AMERICAN STEVEDORES, INC., et al., Defendants. FLOTA MERCANTE GRANCOLOMBIANA S. A., Defendant, and Third-Party Plaintiff-Respondent, v. A. M. KRISTOPHER CO., INC., Third-Party Defendant-Appellant.— In an action by a ship's cleaner to recover damages for personal injuries allegedly caused by the negligence of a stevedoring corporation and by the negligence of the owner of the ship, the shipowner served a third-party complaint on the plaintiff's employer, alleging liability over and containing two causes of action: one in contract and one in negligence. To both these causes of action the employer interposed an amended answer containing, *inter alia*, a first affirmative defense to the effect that the third-party plaintiff was barred from suing by virtue of sections 210 and 218 of the General Corporation Law. The third-party plaintiff moved to dismiss the first affirmative defense for insufficiency. The Special Term granted the motion on the theory that sections 210 and 218 do not apply to corporations "exclusively engaged in interstate or foreign commerce". The third-party defendant appeals from the order entered thereon. Order affirmed, with $10 costs and disbursements, with leave to the third-party defendant, if it be so advised, to serve, within 20 days after the entry of the order hereon, a further amended answer pleading said first affirmative defense with respect only to that cause of action in the third-party complaint which is based on contract. There are no facts in the record to support the conclusion of the Special Term that the third-party plaintiff is "exclusively engaged in interstate or foreign commerce". Nevertheless, we are required, on another ground, to affirm the order dismissing the said first affirmative defense. Whatever validity such defense may have as to the contract cause of action (and we do not now pass on that question), it is obviously invalid as to the negligence cause of action. Since such defense was pleaded to the entire third-party complaint, and since it does not constitute a valid defense to the whole complaint, but at best only to the contract cause of action, it follows that the motion to dismiss the defense was properly granted. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.